on behalf of Jesus Lopez. And we've raised two issues in this case. The first issue is related to the denial of the district courts, the denial of the defendant's request to withdraw his plea. And secondarily, to deny that request without even an evidentiary hearing. And secondly, we've raised an issue regarding the attribution of relevant conduct based on inadequate fact-finding. I'd like to focus, due to our limited time, on the issue of the withdrawal of the guilty plea. In essence, the defendant brought to the attention of the court, in his motion to withdraw the plea, that he had not been adequately advised of the contents of the plea at the time of the entry of that plea. Significant to this analysis is that Mr. Lopez was a non-English speaker, and therefore, the proceedings were being interpreted through an interpreter. We do not challenge the and the charges and the interaction between the two at the time that he entered his guilty plea. Important, again, is the fact that he is a non-English speaker. And therefore, for example, when answering questions like, did your attorney review the charges and the plea agreement with you and use an interpreter to do so, the significance of having the use of the interpreter is that the defendant can only answer that question based on the Since he does not have the ability, nor was there any evidence that he had the ability to read the charges on his own or to read the plea agreement on his own, he is relying on what he was told by his attorney and what, if anything, was actually interpreted to him. In this case, we know that the defendant signed the plea agreement without having it actually translated into Spanish. That is absolutely clear because it is undisputed based on the of the government that, in fact, Todd Urban admitted to them that he had not used an interpreter when he communicated with Mr. Lopez. Therefore, based on the proffer from the government, the only time that Mr. Urban used an interpreter with Mr. Lopez was actually in the courtroom at the time of the plea hearing and possibly right before that. Again, Mr. Lopez disputed that, indicating in his proffer that he, in fact, had not met with an interpreter and had the items reviewed to him until he was in the courtroom. Telltale of Mr. Yes. Was there anything inadequate about the Rule 11 colloquy in this case? Not in a vacuum, Your Honor. I believe that the court followed the Rule 11 colloquy. However, that does not mean that the defendant's responses, in fact, reflected the knowing and voluntary nature of his plea because, as we know from the record, even at the time of the plea, Mr. Lopez said, no, I have not reviewed the charge. I'm sorry, he had not reviewed necessary documentation related to certain provisions of the plea agreement with his attorney. And the attorney then, I'm sorry, the court took what was the total of six minute break in which it was anticipated that that would be done. We don't know what was said between the interpreter, the attorney, and the defendant at that time. And we were not given an opportunity for a hearing to determine what exactly was, in fact, provided to Mr. Lopez. But what we do know, Your Honor, from the record, is that when Mr. Lopez said that the charges had been reviewed by his prior attorney, which I've noted in my brief, that was Roxanne Mendez-Johnson from the Federal Defender's Office, that, in fact, she was relieved before the indictment was filed. So if any charges were translated by Ms. Mendez-Johnson, it had to have been the complaint and not the charging document. So under these circumstances, Your Honor, at a very minimum, this court should have given Mr. Lopez a hearing to determine what, in fact, he was responding to when he was asked whether he had reviewed the documentation with his attorney. He has to rely on his attorney because he cannot read the documentation on his own. And the district judge has to rely on the defendant's answers in the Rule 11 colloquy, right? Well, that is true. I understand that. But in this case, an injustice was caught before this case became final. The injustice that was brought to the court's attention was that, in fact, this plea agreement was signed without having been interpreted in Spanish, that, in fact, there was a very limited amount of time with an interpreter after the court had already determined that Mr. Lopez was a non-English speaker. I gather he is not completely unable to speak and understand English, is he? Well, I believe the representation of the government was that the agents, of course, double hearsay, but that the agents claimed that they spoke to him in English. We have no idea what the extent of that discussion was or how that would pertain, for example, to something as complex as relevant conduct. I've represented many, many people, Your Honor, who speak Spanish, and talking to them about what color is your car versus the concept of relevant conduct is a very, very different concept. So in this case, the defendant presented significant evidence to the court that would have suggested that, in fact, his plea was not knowing and voluntary, certainly more than enough to qualify him for an evidentiary hearing to determine exactly what would have been reviewed with him. The defendant had represented to the court that he only became aware of the relevant conduct provisions, which are highly significant to his waiver of appeal, after the plea was entered and after he obtained those documents. The representation was he had filed a complaint and the State Bar of Illinois had sent him the documentation. Of course, we were not able to establish most of that other than through proffer, and again, the government countered with a proffer because there was no evidentiary hearing. But ultimately, this court and all of our courts have a significant interest in making sure that pleas are, in fact, knowing and voluntary. This plea is clearly tainted by the evidence that was before the court, and that is also the admission that Mr. Urban had not used an interpreter. Also, I would point out that the fact that the relevant conduct impacted this plea so substantially, took it from, in essence, a level 30 base all the way to a 39, it emphasizes the significance of that provision and undermines the validity of the appeal waiver if, in fact, Mr. Lopez did not understand what he was agreeing to. I'll preserve the rest of my time if I may. That's fine, thank you. Ms. Lerner. May it please the court. The plea agreement, as Ms. Connor mentioned, the plea agreement in this case has an appeal waiver, and appeal waivers are valid and enforceable if the terms are expressed and unambiguous and the defendant entered into the plea agreement knowingly and voluntarily. And as the plea agreement goes, so the appeal waiver goes. And so the first order of business in order to determine whether or not the appeal waiver is enforceable is to determine whether or not the defendant knowingly and voluntarily entered into the plea agreement. Now, the district court found that the defendant did enter into the plea agreement knowingly and voluntarily at the change of plea hearing, during which he had the opportunity to observe the defendant's appearance, demeanor, and tone, in addition to the responses he gave through the Spanish interpreter. And this context that the district court judge has is so powerful that this court reviews it for clear error and does not overturn it unless there is a definite and firm conviction that a mistake was made. Similarly, the district court's decision not to have an evidentiary hearing is also reviewed for clear error. There's a presumption of verity for the defendant's sworn statements, and unsworn contradiction of those statements will simply not support withdrawing the guilty plea. Now, I do want to address one quick point that counsel mentioned that the defendant, during the change of plea hearing, stated he had not reviewed the documents. The actual quote, it was in response to a question about whether he had reviewed the indictment. He stated, no, I understand the consequences against me. Now, that statement is not really ambiguous in and of itself, but because it was not a direct response to the court's question, the district court took the precaution of having a six-minute recess to permit the defendant to review the documents. At that point, the only thing in question was whether or not the defendant had reviewed the indictment. He, in fact, had. It had been explained to him in Spanish during the initial appearance. In any event, there's a lot of discussion also about the six-minute recess, but there's no indication that he asked for more time, that he needed more time, or that more time was necessary. And indeed, I would note he hired Mr. Urban twice. If he had no way of communicating with his attorney in a serious federal matter, the court should ask the question about why he was hiring an attorney that he could not communicate with on a matter that he faced up to 20 years in jail and deportation. In any event, on the issue of knowing involuntary, the defendant was under oath. He had an interpreter whose dialect he stated he understood. All of the key provisions in the plea agreement were explained to him, the satisfaction of the court that he understood them. He was asked 14 different times whether he understood such and such provision or the proceedings up to that point. And at the end, when he was asked if he had any questions, his response was, no, everything is all right. I understood everything. There is no ambiguity in that response. Counsel has stated that the Rule 11 colloquy was sufficient, and in light of that, the plea waiver should be upheld. And if the, I'm sorry, the appeal waiver should be enforced. And once the appeal waiver is enforced, all of defendants' arguments can be dismissed at that point because they all fall within the appeal waiver. The withdrawal of the plea can be addressed through the appeal waiver. This court in McGuire ruled that, as well as the sentencing arguments, which are reviewed for plain error, but in any event, also fall within the appeal waiver. And if the, if your honors do not have any specific questions, I will rest my briefs with respect to the remaining points. All right. Thank you very much. Ms. Connor. Yes. I think one of the significant points in this case is that, though a plea may be taken as knowing involuntary at the time, when additional information is introduced to the court that undermines that knowing involuntary presumption, the court has an obligation to explore it. And in this case, the abuse of discretion comes with the denial of a hearing to determine, in fact, was this a knowing involuntary plea? As to the appellate waiver, where in this case the court did not discuss the relevant conduct provision, there can be no presumption from this record that Mr. Lopez understood that not only was he giving up some generalized appellate waiver, but he was actually agreeing to a relevant conduct determination that in essence guaranteed him, assuming a guideline sentence, that it guaranteed him a sentence above or at the maximum penalty. Without any discussion of that provision, we cannot conclude that the appellate waiver was in fact valid because we do not have on the record the information that the defendant would have had to have, had that provision been reviewed. We do have an absolute absence of discussion of the most important provision to this appeal. Is it your view that an appellate waiver to be valid and enforced requires the judge to have gone over the issue to be appealed? That is not the measure that I would view. I'm sorry? It would be enforced issue by issue? Depending on how carefully the district judge went over potential appealable issues during the colloquy? I see my time is up, Your Honor. May I respond? Please. This is a case-by-case analysis. In this case, we have a Spanish-speaking individual who is responding to questions based on his understanding of what knowledge he has. So he was responding, and he can both be incorrect and be being truthful at that time. So yes, in this case, the failure to go over that relevant conduct provision does in fact take the appellate waiver because without knowing what exactly he was waiving from the plea agreement, Your Honor, we cannot say it was a knowing and voluntary waiver of his right to appeal. Thank you. Thank you. All right, thank you very much. Our thanks to both counsel. The case is taken under advisement.